Nathaniel L. Dilger (Bar No. 196203)
ndilger@onellp.com
**ONE LLP**
4000 MacArthur Blvd.
East Tower, Suite 500
Newport Beach, CA 92660
Telephone: (949) 502-2870
Facsimile: (949) 258-5081

Attorneys for Plaintiff,
Targus Group International, Inc.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| TARGUS GROUP INTERNATIONAL LLC, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>TIMBUK2 DESIGNS, INC, a California corporation,<br><br>Defendant. | Case No.<br><br>**COMPLAINT FOR PATENT INFRINGEMENT PERMANENT INJUNCTION AND DAMAGES**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Targus Group International LLC. ("Targus" or "Plaintiff") hereby complains and alleges against Defendant Timbuk2 Designs, Inc ("Timbuk2" or "Defendant") as follows:

## PARTIES

1. Plaintiff Targus is a Delaware corporation with its principal offices located at 1211 N. Miller Street, Anaheim, California 92806.

2. On information and belief, Defendant Timbuk2 is a California corporation with a principal place of business located at 583 Shotwell St., San Francisco, CA 94110.

## NATURE OF THE ACTION

3. This is an action for patent infringement arising under the Patent Laws of the United States 35 U.S.C. §§ 1 *et seq.*, including 35 U.S.C. § 271.

4. On information and belief, Defendant has infringed and continues to infringe, contribute to the infringement of, and/or actively induce others to infringe Plaintiff's U.S. Patent No. 8,567,578 ("the '578 patent").

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

6. This Court has personal jurisdiction over Defendant because, on information and belief, Defendant does and has done substantial business in this judicial District, including: (i) committing acts of patent infringement and/or contributing to or inducing acts of patent infringement by others in this judicial District and elsewhere in this State; (ii) regularly conducting business in this State and judicial District; (iii) directing advertising to or soliciting business from persons residing in this State and judicial District through at least in-person sales efforts; and (iv) engaging in other persistent courses of conduct, and/or deriving substantial revenue from products and/or services provided to persons in this District and State.

7. Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1400(b).

## FACTUAL BACKGROUND

8. For more than two decades, the Targus group of companies has been recognized worldwide as an innovative creator and distributor of quality mobile computing bags, cases, and accessories. Targus has developed and introduced a highly successful line

of checkpoint friendly laptop cases offered by mega-retailers such as for example Staples® and Walmart®.

9. Targus has sought protection for its technological innovations, which has resulted in the issuance of the asserted '578 patent.

10. The '578 Patent issued on October 29, 2013, and is titled "Portable Computer Case." Targus is the owner by assignment of the '578 patent, which is reflected on the face of the '578 patent.

11. On information and belief, Defendant is a manufacturer of TSA-friendly" backpacks sold via retailers and Defendant's online website.

12. One of Defendant's products is described and marketed as the "TIMBUK2 Command Messenger M Case." The TIMBUK2 Command Messenger M Case is an exemplary product that infringes the '578 patent.

13. Another of Defendant's products is described and marketed as the "TIMBUK2 Command Pack OS Case." The TIMBUK2 Command Pack OS Case is an exemplary product that infringes the '578 patent.

14. The following chart provide further information regarding Defendant's infringement of at least claim 1 of the '578 patent through its manufacture, sale, and offer for sale of the TIMBUK2 Command Messenger M Case.

| U.S. Pat. No. 8,567,578 | TIMBUK2 Command Messenger M Case |
|---|---|
| 1. A bi-fold case to allow for convenient security screening of a computer, comprising: | • The case is a bi-fold case; the two halves are a laptop storage section and a non-laptop storage section. |
| a first storage section comprising a first outer side, a first inner side, a first proximal end, and a first distal end opposite the first proximal end, the first outer side, first inner side, first proximal end, and first distal end defining a first pouch with a first pouch opening and a first pouch fastener coupled to the first pouch opening and configured to only secure the first pouch opening, wherein the first outer and inner sides are configured to enable a scanning device to scan through the first outer and inner sides and scan an interior of the first pouch, wherein the first storage section further comprises a third pouch including a third pouch opening, independent of the first pouch opening, and a third fastener to only secure the third pouch opening; and | • The non-laptop storage section (i.e. first storage section) defines a main pouch (i.e. first pouch with inner/outer sides; proximal/distal ends).<br>• The main pouch has a foldable panel as part of the opening with hooks for securing to the case (i.e. opening and fastener).<br>• The walls (i.e. first inner/outer side) of the main pouch permit scanning of the interior of the main pouch.<br>• The non-laptop storage section (i.e. the first storage section) has a subordinate pouch (i.e. a third pouch) independent of the main pouch (i.e. the first pouch).<br>• The subordinate pouch has a dedicated zippered opening (i.e. opening and fastener). |

| | |
|---|---|
| a second storage section comprising a second outer side, a second inner side having a surface area approximately equal to a surface area of the first inner side, a second proximal end, and a second distal end opposite the second proximal end,<br>    the second storage section comprising, a second pouch and the second storage section configured without an additional pouch,<br>    the second pouch configured to receive a computer,<br>    wherein the second storage section and the second outer and inner sides are configured to enable a scanning device to scan through the second outer and inner sides and scan an interior of the second pouch and a computer disposed therein, and<br>    a second pouch fastener configured to substantially enclose only the second pouch and thereby retain a computer therein, | • The laptop storage section (i.e. second storage section) includes a laptop pouch (i.e. second pouch with inner/outer sides; proximal/distal ends) that receives/retains a laptop.<br>• The laptop pouch has a zipper (i.e. fastener) to retain a laptop.<br>• The laptop section is approximately the same size as the non-laptop section (i.e. inner sides have same surface area).<br>• The laptop storage section has no other pouches.<br>• The walls (i.e. first inner/outer side) of the laptop pouch permit scanning of the interior of the laptop pouch. |
| the second storage section foldably joined at the second proximal end to the first proximal end of the first storage section such that the second proximal end and the first proximal end are coupled adjacent one another to form a hinge configured to enable a scanning device to scan through the hinge, | • The non-laptop section and the laptop section are joined at a cloth hinge at the handle end (i.e. proximal end) of the respective sections.<br>• The cloth hinge can be scanned. |
| wherein the first and second inner sides are disposed adjacent one another in the folded configuration and separated in an unfolded configuration, | • When the case is in a folded configuration, the interior walls (i.e. inner sides) of the respective sections are adjacent each other.<br>• When the case is in an unfolded configuration, the interior walls (i.e. inner sides) of the respective sections are separate from each other. |
| wherein the first and second distal ends are disposed adjacent one another in the folded configuration and separated from one another in the unfolded configuration, | • When the case is in a folded configuration, the respective bottoms (i.e. distal ends) of the sections are adjacent one another.<br>• When the case is in an unfolded configuration, the respective bottoms (i.e. distal ends) of the sections are separate from one another. |
| wherein in the unfolded configuration with the outer sides of both the first and second storage sections laid flat upon a same planar surface, an object in the first storage section is removed from interfering with a scanner positioned above and below the second storage section to enable uninhibited scanning of a computer in the second pouch of the second storage section. | • When the case is in an unfolded configuration, the non-laptop section lies to the side of the laptop section and thereby is does not overlap with each other or interfere with the scanning (i.e. top/bottom scanning) of the laptop pouch of the laptop section. |

15.  The following chart provide further information regarding Defendant's infringement of at least claim 1 of the '578 patent through its manufacture, sale, and offer for sale of the TIMBUK2 Command Pack OS Case.

| U.S. Pat. No. 8,567,578 | TIMBUK2 Command Pack OS Case |
|---|---|
| 1. A bi-fold case to allow for convenient security screening of a computer, comprising: | • The case is a bi-fold case; the two halves are a laptop storage section and a non-laptop storage section. |
| a first storage section comprising<br>    a first outer side, a first inner side, a first proximal end, and a first distal end opposite the first proximal end,<br>    the first outer side, first inner side, first proximal end, and first distal end defining a first pouch with a first pouch opening | • The non-laptop storage section (i.e. first storage section) defines a main pouch (i.e. first pouch with inner/outer sides; proximal/distal ends).<br>• The main pouch has a dedicated zippered opening (i.e. opening and fastener). |

| | |
|---|---|
| and<br>        a first pouch fastener coupled to the first pouch opening and configured to only secure the first pouch opening,<br>        wherein the first outer and inner sides are configured to enable a scanning device to scan through the first outer and inner sides and scan an interior of the first pouch,<br>        wherein the first storage section further comprises a third pouch including a third pouch opening, independent of the first pouch opening, and a third fastener to only secure the third pouch opening; and | • The walls (i.e. first inner/outer side) of the main pouch permit scanning of the interior of the main pouch.<br>• The non-laptop storage section (i.e. the first storage section) has a subordinate pouch (i.e. a third pouch) independent of the main pouch (i.e. the first pouch).<br>• The subordinate pouch has a dedicated zippered opening (i.e. opening and fastener). |
| a second storage section comprising<br>        a second outer side, a second inner side having a surface area approximately equal to a surface area of the first inner side, a second proximal end, and a second distal end opposite the second proximal end,<br>        the second storage section comprising, a second pouch and the second storage section configured without an additional pouch,<br>        the second pouch configured to receive a computer,<br>        wherein the second storage section and the second outer and inner sides are configured to enable a scanning device to scan through the second outer and inner sides and scan an interior of the second pouch and a computer disposed therein, and<br>        a second pouch fastener configured to substantially enclose only the second pouch and thereby retain a computer therein, | • The laptop storage section (i.e. second storage section) includes a laptop pouch (i.e. second pouch with inner/outer sides; proximal/distal ends) that receives/retains a laptop.<br>• The laptop pouch has a cloth latch with Velcro (i.e. fastener) to retain a laptop.<br>• The laptop section is approximately the same size as the non-laptop section (i.e. inner sides have similar surface area).<br>• The laptop storage section has no other pouches.<br>• The walls (i.e. second inner/outer side) of the laptop pouch permit scanning of the interior of the laptop pouch. |
| the second storage section foldably joined at the second proximal end to the first proximal end of the first storage section such that the second proximal end and the first proximal end are coupled adjacent one another to form a hinge configured to enable a scanning device to scan through the hinge, | • The non-laptop section and the laptop section are joined at a cloth hinge at the left backpack arm side (i.e. proximal end) of the respective sections.<br>• The cloth hinge can be scanned. |
| wherein the first and second inner sides are disposed adjacent one another in the folded configuration and separated in an unfolded configuration, | • When the case is in a folded configuration, the interior walls (i.e. inner sides) of the respective sections are adjacent each other.<br>• When the case is in an unfolded configuration, the interior walls (i.e. inner sides) of the respective sections are separate from each other. |
| wherein the first and second distal ends are disposed adjacent one another in the folded configuration and separated from one another in the unfolded configuration, | • When the case is in a folded configuration, the respective right backpack arm side (i.e. distal ends) of the sections are adjacent one another.<br>• When the case is in an unfolded configuration, the respective right backpack arm side (i.e. distal ends) of the sections are separate from one another. |
| wherein in the unfolded configuration with the outer sides of both the first and second storage sections laid flat upon a same planar surface, an object in the first storage section is removed from interfering with a scanner positioned above and below the second storage section to enable uninhibited scanning of a computer in the second pouch of the second storage section. | • When the case is in an unfolded configuration, the non-laptop section lies to the side of the laptop section and thereby is removed from interfering with the TSA scanning (i.e. top/bottom scanning) of the laptop pouch of the laptop section. |

# COUNT ONE

**(Infringement of the '578 Patent against Timbuk2 – 35 U.S.C. §§ 271 *et seq*.)**

16. Plaintiff realleges and incorporates by reference the foregoing paragraphs, as though fully set forth herein.

17. On information and belief, Defendant has had actual or constructive knowledge of the '578 Patent. For example, since issuance of the '578 patent, Targus has "virtually" marked its products with the '578 patent in accordance with 35 U.S.C Sec. 287. (See, e.g., www.targus.com/patents). Targus has also provided to Defendant – and Defendant has received – a letter identifying the '578 patent and warning Defendant of the '578 patent and the need to take caution with respect to product offerings and infringing activities. Defendant thus had not only constructive knowledge of the '578 patent, but also actual knowledge of that '578 patent.

18. Despite having constructive and/or actual knowledge of the '578 patent, Defendant has directly infringed and continues to directly infringe one or more claims of the '578 patent, including at least Claim 1 of that patent, by developing, making, using, offering to sell, selling and/or importing, in this District, elsewhere in the United States, and internationally, at least the TIMBUK2 Command Messenger M Case and TIMBUK2 Command Pack OS Case products, that infringe the '578 patent.

19. Defendant has contributed to the infringement of and continues to contributorily infringe one or more claims of the '578 Patent by developing, making, using, offering to sell, selling and/or importing, in this District, elsewhere in the United States, and internationally the TIMBUK2 Command Messenger M Case and TIMBUK2 Command Pack OS Case products. In particular, Defendant developed, made, used, offered to sell, sold and/or imported, TIMBUK2 Command Messenger M Case and TIMBUK2 Command Pack OS Case products, with full knowledge of the '578 patent and its applicability to the TIMBUK2 Command Messenger M Case and TIMBUK2 Command Pack OS Case products. In addition, TIMBUK2 Command Messenger M Case and

TIMBUK2 Command Pack OS Case products, have no substantial use other than in a manner that infringes the '578 patent.

20. On information and belief, Defendant has induced infringement of <u>and</u> continues to induce infringement of one or more claims of the '578 patent by developing, making, using, offering to sell, selling and/or importing, in this District and elsewhere in the United States, TIMBUK2 Command Messenger M Case and TIMBUK2 Command Pack OS Case products. Among other things, Defendant has – with full knowledge of the '578 patent and its applicability to its products – specifically made, used, sold, offered to sell and/or imported the TIMBUK2 Command Messenger M Case and TIMBUK2 Command Pack OS Case products, in a manner that infringes the '578 patent and has also specifically instructed purchasers of these products – via instructional packaging and/or online instructional materials – to configure and/or use the TIMBUK2 Command Messenger M Case and TIMBUK2 Command Pack OS Case products and in a manner that infringes one or more claims of the '578 patent.

21. Defendant's actions constitute direct infringement, contributory infringement, and/or active inducement of infringement of one or more claims of the '578 Patent in violation of 35 U.S.C. § 271.

22. Targus has sustained damages and will continue to sustain damages as a result of Defendant's aforesaid acts of infringement.

23. Targus is entitled to recover damages sustained as a result of Defendant's wrongful acts in an amount to be proven at trial.

24. Defendant's infringement of Targus's rights under the '578 Patent will continue to damage Targus's business, causing irreparable harm, for which there is no adequate remedy at law, unless it is enjoined by this Court.

25. In addition, Defendant has infringed the '578 patent – directly, contributorily, and by inducement – with full knowledge of the '578 patent and despite having full knowledge that its actions constituted infringement of that patent. For at least this reason, Defendant has willfully infringed the '578 Patent, entitling Targus to increased damages

under 35 U.S.C. § 284 and to attorney fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff asks this Court to enter judgment in their favor and against Defendant and grant the following relief:

A.   An adjudication that Defendant has infringed and continues to infringe the '578 patent, and additionally that its infringement is willful.

B.   Orders of this Court temporarily, preliminarily, and permanently enjoining Defendant, its agents, servants, and any and all parties acting in concert with them, from directly or indirectly infringing in any manner any of the claims of the '578 patent under 35 U.S.C. § 283;

C.   An award of damages adequate to compensate Targus for Defendant's infringement of the '578 patent in an amount to be proven at trial;

D.   A finding that this is an exceptional case and an award of Targus's costs and attorney's fees;

E.   A trebling of the damage award to Targus;

F.   An assessment and award of pre- and post-judgment interest on all damages awarded; and

I.   Any further relief that this Court deems just and proper.

Dated: June 6, 2017                         **ONE LLP**

By: /s/ Nathaniel L. Dilger
   Nathaniel L. Dilger
   *Attorneys for Plaintiff,*
   *Targus Group International, Inc.*

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury as to all claims and all issues properly triable thereby.

Dated: June 6, 2017                           **ONE LLP**

By: /s/ Nathaniel L. Dilger
   Nathaniel L. Dilger
   *Attorneys for Plaintiff,*
   *Targus Group International, Inc.*